IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROY LEE PALMER,  
           Plaintiff,

    v.

FEDERAL BUREAU OF PRISONS and  
CHARLIE DANIELS,

           Defendants.

CV. 05-1907-MO

ORDER TO DISMISS

MOSMAN, District Judge.

    Plaintiff brings this habeas corpus action pursuant to 28 U.S.C. § 2241. He alleges that upon his release, he was unlawfully denied a gratuity of $500.00 to which he was entitled. Because plaintiff is complaining about the deprivation of a property right, and is not challenging the execution of his sentence, the court construes plaintiff's "Petition" as a Complaint filed pursuant to <u>Bivens v. Six Uknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). For the reasons which follow, plaintiff's Complaint is dismissed for failure to state a claim.

1 - ORDER TO DISMISS

## **STANDARDS**

Notwithstanding the payment of any filing fee or portion thereof, the court shall dismiss a case at any time if it determines that:

(B)  the action . . .

> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2).

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989).  In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party.  Tanner, 879 F.2d at 576.

In civil rights cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1998); Karim-

2 - ORDER TO DISMISS

Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

Petitioner alleges that upon his departure from FCI-Sheridan, he was entitled to a gratuity (hereinafter "gate money") of $500.00. Plaintiff is essentially raising a due process claim, alleging that defendants deprived him of his property interest in money to which he was entitled. Plaintiff's prayer for relief asks the court to award him $500.00.

Whether plaintiff's expectation of entitlement to his gate money is sufficient to create a protected property interest "will depend largely upon the extent to which the statute contains mandatory language that restricts the discretion of the [decisionmaker]." Jacobson v. Hannifin, 627 F.2d 177, 180 (9th Cir. 1980). A statute creates an entitlement if it either "sets

out conditions under which the benefit *must* be granted or if the statute sets out the *only* conditions under which the benefit may be denied." <u>Allen v. City of Beverly Hills</u>, 911 F.2d 367, 370 (9th Cir. 1990) (quoting <u>City of Santa Clara v. Andrus</u>, 572 F.2d 660, 676 (9th Cir.), <u>cert. denied</u>, 439 U.S. 859, (1978) (emphasis in original).

28 C.F.R. § 571.20 provides as follows:

> It is the policy of the Bureau of Prisons that an inmate being released to the community will have suitable clothing, transportation to the inmate's release destination, and some funds to use until he or she begins to receive income. Based on the inmate's need and financial resources, a discretionary gratuity up to the amount permitted by statute may be granted.

It is clear from the language of the regulation cited by plaintiff that the Bureau of Prisons is not required to award gate money to departing inmates because the gate money is "a discretionary gratuity." Consequently, plaintiff was not entitled to the $500.00 he seeks, and is therefore unable to state a due process claim upon which relief may be granted.

## **CONCLUSION**

Plaintiff's Complaint (#2) is DISMISSED for failure to state a claim. Because plaintiff cannot cure this deficiency through amendment, the dismissal is with prejudice.

IT IS SO ORDERED.

DATED this   2   day of March, 2006.

                     /s/Michael W. Mosman
                       Michael W. Mosman

                                           United States District Judge

5 - ORDER TO DISMISS